33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank J. MATYLINSKY, Jr., Plaintiff-Appellant,
v.
Ron ANGELONE, et al., Defendants-Appellees.
 No. 93-17216.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Matylinsky, Jr., a Nevada state prisoner, appeals pro se the district court's summary judgment for the defendants in his 42 U.S.C. Sec. 1983 action. Matylinsky contends that: (1) the prison disciplinary board violated his right to due process; (2) the district court failed to consider all of the evidence in granting defendants summary judgment; (3) the conditions of his imprisonment constituted cruel and unusual punishment in violation of the Eighth Amendment; (4) the denial of his request to take a polygraph examination violated his right to equal protection; (5) the prison disciplinary board failed to accord a letter from the governor's office full faith and credit; and (6) the district court erred in concluding qualified immunity protected the prison officials from liability.
 
 
 3
 We review the district court's summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Pro se pleadings in civil rights cases must be construed liberally and the plaintiff afforded the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Due Process
 
 4
 Matylinsky contends his due process rights were violated by the inadequacy of the Notice of Charges, the denial of his request to take a polygraph examination and to have the confidential informant present at the hearing, and the lack of reliable evidence supporting the board's decision. This contention lacks merit.
 
 
 5
 Due process protects against arbitrary action in prison disciplinary proceedings but provides less protection than in criminal prosecutions. Ponte v. Real, 471 U.S. 491, 495 (1985) (Ponte ). Due process ensures inmates have a right to call and present witnesses and documentary evidence before a prison disciplinary board. Id. This right may be denied when consistent with institutional safety and correctional goals. Id.; Superintendent, Massachusetts Correctional Institute v. Hill, 472 U.S. 445, 454 (1985) (Hill ). If denied the right to present witnesses or documentary evidence, due process requires prison officials to provide an explanation, either in the administrative record or in court. Ponte, 471 U.S. at 497. The reasons advanced must logically relate to preventing undue hazards to institutional safety or correctional goals. Id.
 
 
 6
 Due process also protects against the revocation of prisoners' good time credits when such credits constitute a liberty interest. Hill, 472 U.S. at 447. If a prison disciplinary hearing may result in the loss of good time credits, inmates must receive, inter alia, advance written notice of the disciplinary charges. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 7
 Due process also requires "some evidence" in the record support the prison disciplinary board's findings and the decision to revoke good time credits. Hill, 472 U.S. at 454-55. The information that forms the basis for the prison disciplinary action must possess some indicia of reliability to satisfy due process. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987) (Cato ). In evaluating whether "some evidence" exists, we inquire "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board, without assessing the witnesses' credibility or reweighing the evidence. Id. at 455-456.
 
 
 8
 Due process imposes additional requirements when a prison disciplinary committee relies on statements by an unidentified inmate informant. Due process requires the record to contain some factual information from which the committee could reasonably conclude that the information was reliable and a prison official's affirmative statement that safety considerations precluded disclosure of the informant's identity. Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987) (Zimmerlee ), cert. denied, 487 U.S. 1207 (1988). Reliability may be established by
 
 
 9
 (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed.... Proof that an informant previously supplied reliable information is sufficient.
 
 
 10
 Id.
 
 
 11
 We conclude Matylinsky's right to due process was not violated. The Notice of Charges provided Matylinsky sufficient advance written notice to satisfy due process. See Wolff, 418 U.S. at 563-67. It detailed the time and date of the incident and the persons involved. See id.
 
 
 12
 Similarly, the prison disciplinary hearing complied with due process. The limited right afforded prisoners to call and present witnesses and documentary evidence does not encompass a right to take a polygraph examination. See Ponte, 471 U.S. at 495. Accordingly, prison officials did not deprive Matylinsky of due process in denying his request to take a polygraph test. See id. Similarly, Administrative Regulation 152, which governs the administration of polygraphs, does not violate due process by failing to provide inmates with an unfettered right to take a polygraph examination. The Board's refusal of Matylinsky's request to have the confidential informant present at the hearing also did not violate due process. Protection of the informant's identity is certainly "logically related" to prison safety concerns. See id. at 497.
 
 
 13
 Finally, we conclude the record contains some reliable evidence which could support the Board's findings, thus satisfying due process. See Hill, 472 U.S. at 454; Cato, 824 F.2d at 705. The Board could rely on the information provided by the confidential informant, the fact the confidential informant's had passed a polygraph test, and the investigating officer's testimony that the informant had provided reliable information in the past. The Board's reliance on the information provided by the confidential informant satisfied due process because the investigating officer testified that the informant had supplied reliable information previously, thus satisfying the criteria established by Zimmerlee, 831 F.2d at 186-87.
 
 Erronous Summary Judgment
 
 14
 In a related contention, Matylinsky argues the district court erred in reviewing the prison board's decision for whether supported by "some evidence" and failing to consider all of Matylinsky's evidence. This contention lacks merit. Hill establishes that we only review for whether some evidence supported the prison board's decision. See Hill, 472 U.S. at 454-55. The district court properly reviewed the prison board's decision for whether supported by "some evidence."
 
 Cruel and Unusual Punishment
 
 15
 Matylinsky contends his placement in disciplinary segregation violated the Eighth Amendment because he was placed in segregation as a result of a proceeding which allegedly violated due process and because the air conditioning in the unit was not working while he was in segregation. As we have concluded the prison disciplinary hearing complied with due process, we need only consider whether the air conditioning's failure constitutes cruel and unusual punishment.
 
 
 16
 An allegation that prison conditions constitute cruel and unusual punishment requires us to consider whether the deprivation is sufficiently serious and whether officials acted with a sufficiently culpable state of mind. See Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991) (Wilson ); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir.1993). The Supreme Court has explained, "If a prison boiler malfunctions accidentally during cold weather, an inmate would have no basis for an eighth amendment claim, even if he suffers objectively significant harm." See id., 111 S.Ct. at 2324. Matylinsky provides no evidence that the defendants acted with deliberate indifference. See id. Accordingly, we reject Matylinsky's claim that the failure of the air conditioning in the disciplinary segregation unit constitutes cruel and unusual punishment. See id.
 
 Equal Protection
 
 17
 Matylinsky contends prison officials violated his right to equal protection because they permitted the confidential informant to take a polygraph examination while denying his request to take one. The Equal Protection Clause ensures similarly situated persons are treated alike. Plyer v. Doe, 457 U.S. 202, 216 (1982) (Plyer ). It does not ensure absolute equality. Ross v. Moffit, 417 U.S. 600, 612 (1974). The Equal Protection Clause also protects against classifications which impinge on the exercise of a fundamental right. Plyer, 457 U.S. at 217. No inmate in the Nevada Department of prisons is entitled to take a polygraph test prior to a prison disciplinary hearing. As Matylinsky has been treated the same as others similarly situated and no fundamental right to take a polygraph examination exists, we reject Matylinsky's contention that prison officials violated the equal protection clause in refusing to allow him to take a polygraph text. See id. at 216.
 
 Effect of Governor's Letter
 
 18
 Matylinsky contends that a letter from the governor's office stating that the disciplinary action against Matylinsky had been reversed establishes the unconstitutionality of his detention in disciplinary segregation and is entitled to full faith and credit pursuant to 28 U.S.C. Sec. 1739. Matylinsky's reliance is misplaced. The letter only addresses the lack of evidence against the correctional officer, not Matylinsky. Title 28 U.S.C. Sec. 1739, which governs the admissibility and legal effect of public records and documents, is inapplicable to this letter from the governor's office.
 
 Qualified Immunity
 
 19
 Matylinsky contends the defendants are not entitled to qualified immunity. Qualified immunity shields state officials from liability when their conduct is objectively reasonable "as measured by reference to clearly established law." Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir.1988), cert. denied 498 U.S. 938 (1990). If a state official claims qualified immunity, the plaintiff must prove the right allegedly violated was clearly established at the time of the infringement. Baker v. Racansky, 887 F.2d 183, 185 (9th Cir.1989). As Zimmerlee provided defendants with an objectively reasonable basis for relying on the confidential informant's testimony and Matylinsky has failed to prove the violation of a clearly established right, the district court properly held the defendants were entitled to qualified immunity.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3